IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROXANA PALMEROS, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>WAL-MART STORES EAST, LP )<br>)<br>)<br>   Defendant. ) | CIVIL ACTION FILE NO.:<br>_____ |

## **COMPLAINT**

COMES NOW Plaintiff and files this Complaint for Damages, showing this Honorable Court as follows:

1.

Plaintiff Roxana Palmeros (hereinafter referred to as "Plaintiff" or "Palmeros") is a citizen and resident of the State of Georgia. This case is a renewal actional filed pursuant to O.C.G.A. § 9-2-61. The previous action was filed in in the State Court of Dekalb County, Civil Action File No.: 20A79266 on or about February 21, 2020. The matter was transferred to this Court and was given a File No.: 1:20-CV-01021-CC. All costs in all courts have been paid pursuant to O.C.G.A. § 9-11-41(d). The previous action involved substantially

1

the same parties, involved substantially the same claims and was a valid action with proper service upon the Defendant. The previous action in this Court was dismissed without prejudice on August 31, 2021. This renewal action is filed within six (6) months of Plaintiff's voluntary dismissal without prejudice of the previous action.

2.

Defendant Wal-Mart Stores East, LP (hereinafter referred to as "Defendant") is a foreign limited partnership organized and duly existing under the laws of Delaware and authorized to conduct business in the State of Georgia.

3.

Defendant's registered agent for service is: The Corporation Company (FL), 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040. Defendant may be served by serving a Summons and a copy of the Complaint upon the Registered Agent or in the alternative, upon Attorney Howard M. Lessinger pursuant to Defendant's agreement to accept service of process.

4.

Defendant is subject to the jurisdiction of this Court.

5.

Defendant is subject to the venue of this Court.

6.

Defendant has been properly served with process in this action.

**FACTS**

7.

Plaintiff hereby adopts and re-alleges the allegations contained in Paragraphs 1 through 6 as if fully set forth herein.

8.

On or about June 9, 2018, Defendant invited the consuming public, such as Plaintiff, to shop at the Defendant Wal-Mart store located at 1871 Chamblee Tucker Road, Chamblee, GA 30341.

9.

At all times relevant hereto, said Defendant was actively in control of the retail location of 1871 Chamblee Tucker Road, Chamblee, GA 30341.

10.

On June 9, 2018, and all times relevant herein, Defendant was required to

exercise reasonable care and inspection when providing products and services in the retail grocery store facility to guests, invitees, and the consuming public, including Plaintiff.

11.

Plaintiff was in the Wal-Mart store for the purposes connected with Defendant's businesses, therefore, has the status of an invitee.

12.

On June 9, 2018, and at all times relevant herein, Plaintiff was an invited guest at the Wal-Mart store and was lawfully on the premises as a member of the consuming public.

13.

While at the foresaid Wal-Mart store, Plaintiff fell in the public area in the outdoor/pool supplies area due to an emergency hose that was on the floor. Plaintiff fell with such force, causing serious bodily injuries and damages to Plaintiff, including but not limited to her right foot, left knee, entire back and other trauma, disability, and dysfunction.

## COUNT ONE – NEGLIGENCE

14.

Plaintiff realleges and incorporates by reference paragraphs 1-13

above as if they were fully restated in verbatim herein.

15.

Plaintiff shows that the aforesaid fall was proximately caused by the Defendant's negligent acts and omissions including, but not limited to the following:

(a) Immediately prior to the aforesaid incident, Defendant failed to keep the premises free from hazards and suitable for the purpose intended;

(b) Immediately prior to the aforesaid incident, Defendant failed to warn Plaintiff, as well as the consuming public, of the dangerous condition on the premises;

(c) Immediately prior to the aforesaid incident, Defendant failed to warn Plaintiff, as well as the consuming public, of the dangerous condition on the premises;

(d) Immediately prior to the aforesaid incident, Defendant failed to take any precautions and/or proper design to prevent injury to Plaintiff;

(e) Immediately prior to the aforesaid incident, Defendant failed to properly mark or identify the hazardous area as to not constitute a danger to those who had lawful occasion to stand, walk, visit and/or traverse thereon;

(f) Immediately prior to the aforesaid incident, Defendant failed to exercise due care for Plaintiff's safety, as well as the negligent hiring and training of employees, maintenance workers, servants and agents with regard to the hazardous condition of the premises;

(g) Any and all negligent act and omissions which may be shown at trial.

16.

All the injuries and damages to Plaintiff as stated herein are due to the negligence of Defendant and said negligence is the direct and proximate cause of the injuries, and damages to Plaintiff, unmixed with any negligence on the part of Plaintiff.

17.

Plaintiff was free from any fault or negligence.

18.

At all times, Plaintiff was keeping a proper lookout and exercising due care for her own safety. Plaintiff was not at any time aware of the negligent, defective conditions created/maintained and allowed to exist by Defendant.

18.

Defendant had actual and/or constructive superior knowledge of the instrumentality, danger and hazardous condition that proximately caused

Plaintiff's fall and injuries.

19.

As a direct and proximate result of the breaches of duty by Defendant, Plaintiff suffered injuries and damages, including medical and other necessary expenses, and mental and physical pain and suffering. These injuries are permanent, and, in the future, Plaintiff will suffer medical and other necessary expenses, and mental and physical pain and suffering. Plaintiff's medical expenses to date total $90, 360.42.

20.

By reason of the foregoing, Plaintiff is entitled to recover compensatory and other damages from Defendant in an amount to be proven at trial.

## COUNT TWO
## PREMISES LIABILITY

21.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 20 above as if fully restated.

22.

Plaintiff was an invitee on the premises at the time of the fall.

23.

Defendant owed a nondelegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff.

24.

Defendant was negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazard from the floor, in failing to take adequate measures to protect invitees from substances on the floor and in failing to keep the premises safe for invitees.

25.

Defendant's negligence was the proximate cause of Plaintiff's injuries.

26.

At all times relevant to this action, the individuals responsible for inspecting, cleaning, and maintaining the area where Plaintiff fell were employed by the Defendant and were acting within the scope of their employment.

27.

Defendant is responsible for the conduct of these individuals under the doctrine of *respondeat superior,* and other agency principles.

## COUNT III
## NEGLIGENT HIRING, TRAINING & SUPERVISION

28.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 27 above as if fully restated.

29.

Defendant was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting, cleaning and maintaining the premises.

30.

Defendant was negligent in training and supervising their staff.

## COUNT FOUR – DAMAGES

31.

Plaintiff hereby adopts and re-alleges the allegations contained in Paragraphs 1 through 30 as if fully set forth herein.

32.

The injuries that Plaintiff sustained are the direct and proximate result of the negligence of the Defendant.

33.

As the direct and proximate result of the Defendant's negligence, Plaintiff has incurred medical expenses for which she is entitled to compensation.

34.

As a direct and proximate result of Defendant's negligence, Plaintiff will incurfuture medical expense for which she is entitled to compensation.

35.

As a direct and proximate result of Defendant's negligence, Plaintiff has endured pain and suffering for which she is entitled to compensation.

36.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, and all other damages permitted by law.

### **COUNT FIVE – ATTORNEYS FEES**

37.

Plaintiff hereby adopts and re-alleges the allegations contained in Paragraphs 1 through 36 as if fully set forth herein.

38.

At all times and in all matters mentioned above, Defendant has been stubbornly litigious and have caused Plaintiff unnecessary trouble and expense, thereby entitling Plaintiff to an award of reasonable attorneys' fees and court costs pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff prays for the following relief:

a) That a Summons and a copy of this Complaint be served upon Defendant as provided by law;

b) For special damages for her past and future medical costs against Defendant in an amount to be proven at trial;

c) For general damages for her personal injuries against Defendant (including, but not limited to pain and suffering, past, present and future) in an amount to be proven at trial;

d) For attorneys' fees and costs against Defendant pursuant to O.C.G.A. §13-6-11; and,

e) For all further losses and recovery as deemed proper by the Court.

**TRIAL BY JURY IS HEREBY DEMANDED.**

This 24th day of February, 2022.

Respectfully submitted,

TITUS LAW, LLC

*/s/ Mathew K. Titus*
MATHEW K. TITUS
Georgia Bar No. 732793
Attorney for Plaintiff

5755 North Point Parkway
Suite 88
Alpharetta, GA 30022
(P) 770.416.8426
(F) 770.818.5545
mathew@titus-law.com

## **CERTIFICATE OF COMPLIANCE**

I, Mathew K. Titus, certify that the foregoing has been prepared in Times New Roman 14 font and is in compliance with the United States District Court for the Northern District of Georgia, Atlanta Division Local Rule 5.1.

This 24th day of February, 2022.

                                                                           Respectfully submitted,

                                                                           TITUS LAW, LLC

                                                                           */s/ Mathew K. Titus*
                                                                           MATHEW K. TITUS
                                                                           Georgia Bar No. 732793
                                                                           Attorney for Plaintiff

5755 North Point Parkway
Suite 88
Alpharetta, GA 30022
(P) 770.416.8426
(F) 770.818.5545
mathew@titus-law.com